UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No: 1:10-CR-80 |
| v. ) | |
| ) | |
| ZACHARY SMITH ) | Chief Judge Curtis L. Collier |
| ) | |

**MEMORANDUM**

Before the Court is Defendant Zachary Smith's ("Defendant") motion to suppress evidence seized during a search of Defendant's residence in September 2009 and statements Defendant made while in police custody (Court File No. 16)[1]. The Court referred the motion to United States Magistrate Judge Susan K. Lee pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) (Court File No. 22). Judge Lee held an evidentiary hearing on the matter on November 12, 2010 and issued a Report and Recommendation ("R&R") on the motion (Court File No. 27). Defendant filed an objection to the R&R within the given fourteen days (Court File No. 28). The government filed a response asking this Court to accept the recommendations of the R&R (Court File No. 29). For the following reasons, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 27). Defendant's motion to suppress will be **DENIED** (Court File No. 16).

I.   **RELEVANT FACTS**

[Unless otherwise noted, the Court recounts the facts as stated in the R&R, to which no objections have been made (Court File No. 27).]

---

[1] It appears the only remaining basis for the motion to suppress is Defendant's lack of consent to the search of his residence (Court File No. 27).

On September 10, 2009, Officer J. Aaron Patterson ("Patterson") of the Chattanooga Police Department ("CPD"), while searching for a fugitive, went to the home of Defendant and Defendant's girlfriend, Acacia Baker ("Baker"). Patterson approached Defendant and Baker, who were standing outside on the walkway, and he explained he was looking for a fugitive and asked whether the fugitive was in the residence. Baker denied the fugitive was in the residence. Patterson then asked if he could look for the fugitive in the residence, and Baker consented to the search.

Patterson acknowledged, while testifying at the motion hearing, "he 'directed' his request for consent to Baker, not Defendant" (Court File No. 27). However, Patterson claimed he was speaking to both Defendant and Baker, and there was no reason to believe Defendant could not hear Patterson's request or Baker's response.

While speaking to Defendant and Baker, Patterson detected the odor of marijuana. As he approached the residence, the odor grew stronger. Inside the residence, he saw a cloud of marijuana smoke as he searched the kitchen for the fugitive. Not finding the fugitive on the first floor of the residence, Patterson went to the second floor. He looked under the bed in one of the bedrooms, believing this to be a likely hiding place for a fugitive, and he found a shotgun.

After approximately two minutes of unsuccessfully searching for the fugitive, Patterson returned outside of the residence and spoke to Baker. She admitted to smoking marijuana; however, she refused to allow Patterson to search the residence for marijuana.

Officers then detained Defendant and Baker for approximately two and a half hours to obtain a search warrant. Patterson knew Defendant was a convicted felon, and therefore, he should not possess the shotgun. Upon further search of the residence, officers located marijuana seeds, a loaded handgun, and a tactical light.

## II. STANDARD OF REVIEW

The magistrate judge recommends this Court deny Defendant's motion to suppress on the grounds (1) Defendant did not object to the search of his residence; (2) Defendant's lack of consent did not trump Baker's consent under *Georgia v. Randolph*, 547 U.S. 103 (2006); and (3) Patterson did not have an obligation to inquire whether Defendant heard or understood Patterson's request to search the residence (Court File No. 27). Defendant objects to the findings in the R&R (Court File No. 28). Specifically, Defendant argues Patterson had an obligation under the Fourth Amendment "to ascertain from [Defendant, as a potentially objecting party] whether" Defendant objected to the search (*id.* at 1).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court should "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify, in whole or in part," the magistrate judge's findings or recommendations. The Court has "broad discretion" in conducting a *de novo* determination and is not required to rehear any contested testimony. *United States v. Raddatz*, 447 U.S. 667, 674, 681 (1980). "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on the magistrate's proposed findings and recommendations." *Id.* at 676.

## III. DISCUSSION

"The Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or search for specific objects [or persons]." *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). However, "the search of [a residence], without [a] warrant and without

3

probable cause, but with proper consent voluntarily given, is valid under the Fourth Amendment." *United States v. Matlock*, 415 U.S. 164, 166 (1974) (referencing *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973)). Nonetheless, such voluntary consent must be given by an individual who possesses authority as an occupant of the residence or whom the police reasonably believe possess such authority. *Georgia v. Randolph*, 547 U.S. 103, 109 (2006). Here, Baker was the lessee of the residence; therefore, she possessed authority to grant consent (Court File No. 27 at 2). Nonetheless, the parties do not dispute Defendant also lived at the residence (*id.*).

Where there is more than one individual who possesses common authority over a residence, the Supreme Court has provided further instruction. In *Randolph*, the Supreme Court held if one co-tenant grants consent to a search, but another co-tenant expressly refuses consent, then a warrantless search is unreasonable as to the resident who refuses. 547 U.S. at 121. Specifically, the Court stated "if a potential defendant with self-interest in objecting is in fact at the door and *objects*, the co-tenant's permission does not suffice for a reasonable search, whereas the potential objector, nearby but not invited to take part in the threshold colloquy, loses out." *Id.* (emphasis added).

Defendant argues even though he did not expressly refuse consent, he should not "lose out" in this case - that is, his silence should not be deemed as a waiver of his Fourth Amendment rights (*see* Court File No. 28). Rather, Defendant seems to aver as a potential objector who was figuratively "at the door" and "invited to take part in the threshold colloquy," he should have been asked whether he expressly consented to the search as well (*see id.*).

Indeed, an officer may not intentionally "remove [a] potentially objecting tenant . . . for the sake of avoiding a possible objection." *United States v. Ayoub*, 498 F.3d 532, 541 (6th Cir. 2007) (quoting *Randolph*, 547 U.S. at 121). Nonetheless, the Supreme Court has not articulated a standard

4

requiring an officer to take "affirmative steps [to seek consent from] a potentially objecting co-tenant before acting on the permission they have already received." *See Randolph*, 547 U.S. at 122.

Here, it appears from the evidence, Defendant simply deferred to the decision of Baker. According to Patterson's testimony, although Patterson directed his inquiry to Baker, Defendant was close enough to hear Patterson's request to search the residence, and Defendant declined to object to the response (Court File No. 27). Unfortunately for Defendant, "a deferral does not carry the same weight as an express consent or refusal." *United States v. Stokely*, - - - F. Supp. 2d. - - -, No. 3:10-CR-24, 2010 WL 3087409, at *24 (E.D. Tenn. Aug. 5, 2010). Instead, "a consensual search will stand where a potential objector . . . never refused consent - even if he was available." *Ayoub*, 498 F.3d at 540. Therefore, Defendant's lack of consent does not make the search of the house unreasonable as to Defendant since Patterson obtained valid consent from Baker. *Id.*

## IV. CONCLUSION

For the reasons stated, the Court will **ACCEPT** and **ADOPT** the Report and Recommendation (Court File No. 679) and will **DENY** Defendant's motions to suppress (Court File Nos. 304, 543).

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**